*500 OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed without costs.
Plaintiff brought the instant action seeking to recover damages in the amount of $4,100. Said damages were incurred after plaintiff purchased a motor vehicle at an auction conducted by defendant, a New York City Marshal, and the vehicle was subsequently found to be stolen and confiscated by the police.
Although plaintiff is precluded from recovery under a breach of warranty of title theory (M & C Auto Sales v City of New York, NYLJ, Feb. 4, 1997, at 23, col 3 [App Term, 2d & 11th Jud Dists]), such prohibition does not exist for recovery in negligence.
At the trial, defendant testified that he seized a 1988 Nissan 300 SX pursuant to the New York City Department of Finance Parking Violations Bureau Scofflaw Program, and that a judgment had been entered against one Joey Lavarco, under license plate number L933MR. Once the vehicle was seized, a search was made of the records of the Department of Motor Vehicles which revealed that the license plate was registered to Joey Lavarco, but that the vehicle identification number had no recorded owner in the State of New York, and that the license plate belonged to a 1990 maroon Jeep. A subsequent check of the records of the New York City Police Department as to whether there had been a report of a stolen Nissan was negative. Defendant then stated that he sent notification to Joey Lavarco, “and did everything in [his] power to make contact with the original owner.” The 1988 Nissan was then sold to plaintiff at auction.
The record clearly establishes that defendant knew that the license plate of the 1988 Nissan belonged to a 1990 Jeep, and despite such knowledge, sold the Nissan at auction. This conduct was grossly negligent at best, and bordered on willful conduct at worst. Thus, plaintiff was properly awarded the amount paid for the vehicle, as well as the $595 repair bill.
Aronin, J. P., Scholnick and Patterson, JJ., concur.